**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Unknown Othon, et al.,<br><br>　　　　Defendants. | No. CV-20-00169-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Sanctions, Protective Order, and Motion to Compel. (Doc. 37.) Defendant United States responded to the Motion on behalf of the Defendants who have not yet appeared (Doc. 43) and Plaintiff replied (Doc. 45). Also pending is Plaintiff's Motion for Hearing (Doc. 46) and Defendants' Motion to Strike Doc. 46 (Doc. 47).

**I.     Motion for Sanctions (Doc. 37)**

　　**A.  Arguments**

In her[1] Motion for Sanctions, Plaintiff alleges that on August 5, 2020, Defendants Dukett, Estrella, and von Blanckensee searched her cell and seized "irreplaceable" evidence, attorney correspondence, and a draft Amended Complaint related to this case. (Doc. 37 at 1.) Plaintiff argues that Defendants should not be permitted to seize legal materials from her cell and should be sanctioned for doing so, and that the legal materials

---

[1] Plaintiff is transgender, and the Court refers to her using her preferred pronouns.

should be returned to her. (*Id.* at 1-2.) In support of her arguments, Plaintiff cites *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001), a case in which government counsel "received, read, and used bootlegged copies of legal correspondence between inmates and their lawyer" and used the information for tactical advantage. Plaintiff does not claim that counsel for the government in the instant matter engaged in analogous conduct. Plaintiff also cites *Cody v. Weber*, 256 F.3d 764, 768 (8th Cir. 2001), in which the Court found that "the taking of an inmate's legal papers can be a constitutional violation when it infringes [her] right of access to the courts" and therefore "the destruction or withholding of inmates' legal papers burdens a constitutional right, and can only be justified if it is reasonably related to a legitimate penological interest."

To her Motion, Plaintiff attaches a declaration in which she re-alleges the facts set forth in the Motion. (Doc. 37-1.) The declaration states that prison officials confiscated the following documents pertaining to the above-captioned case: (1) eleven inmate affidavits; (2) draft of First Amended Complaint; (3) copies of "evidence" from other cases; and (4) legal correspondence with the ACLU, attorney Jonathan Smith, and Senator Kyrsten Sinema. (*Id.*) Plaintiff also attaches a declaration from inmate Ryan Forrest, who is not a party to this lawsuit, in which Mr. Forrest states that the prison officials involved in the search of Plaintiff's cell confiscated Mr. Forrest's legal documents. (Doc. 37-1.)

In Response, the Government contends that Plaintiff has not met the requirements for a motion under Fed. R. Civ. P. 11 or 37, the issues Plaintiff complains of are outside the scope of this litigation, and the search of Plaintiff's cell was proper. (Doc. 43 at 1.) According to the Government's version of the facts, on August 4, 2020, another inmate—not Plaintiff—refused to leave the Special Housing Unit ("SHU") and return to general population because Plaintiff was preparing legal work for him and was in possession of his legal papers. (*Id.*) The next day, prison officials searched Plaintiff's cell and found legal documents belonging to eight other inmates. (*Id.*) They confiscated these documents, which were then reviewed by Lorri Mitchell, a legal assistant at the Federal

Correctional Complex in Tucson, AZ, whose declaration is attached to the Response. (*Id.*) Ms. Mitchell declares that, of the 207 pages of legal documents she reviewed, only eight pages related to this case. (*Id.* at 1-2.) These eight pages were returned to Plaintiff on August 12, 2020. (*Id.* at 2.)

The Government's Response then discusses the Bureau of Prisons ("BOP") policies regarding inmate preparation of legal work and how those policies are enacted in the SHU. (*Id.*) Inmates are permitted to assist other inmates in preparing legal documents but may possess another inmate's legal materials only while in the main law library or another location of the institution the Warden designates. (*Id.*); 28 C.F.R. § 543.11(f)(2). In the SHU, the designated area for assisting other inmates is the law library located in the SHU. (*Id.*)

The Government argues that Plaintiff violated BOP regulations by possessing legal documents belonging to eight other inmates in her cell and therefore she is not entitled to relief. (Doc. 43 at 3); *see also* 28 C.F.R. § 543.11. The Government further argues that Plaintiff has not complied with the requirements of Fed. R. Civ. P. 11 or with the local rules governing discovery disputes. (*Id.*) The Government specifically states that Plaintiff has not complied with the "meet-and-confer" requirement of LRCiv 7.2(j) regarding discovery disputes because she has made no effort to confer with the Government regarding the missing documents. (*Id.*)

Finally, the Government argues that the confiscated documents should not be ordered returned to Plaintiff because doing so would interfere with the prison's execution of its policies. In support, the Government cites *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (internal quotations omitted), in which the Supreme Court stated:

> [T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Such considerations are peculiarly within the province and professional expertise of corrections officials,

> and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.

The Government argues that the search of Plaintiff's cell was for legitimate penological purposes, that the documents belonging to Plaintiff were returned to her, and that no grounds for sanctions have been provided.

In Reply, Plaintiff argues that (1) declarant Lorri Mitchell was not present during the August 5, 2020 cell search; (2) Plaintiff was not in possession of any other inmates' "legal work"; (3) *Bell v. Wolfish*, 441 U.S. 520 (1979) is inapposite; and (4) she complied with the "meet-and-confer" requirement for discovery disputes because she wrote a letter to Government counsel in this case on July 28, 2020 "about ongoing false statements and misconduct," to which Government counsel did not reply. (Doc. 45.)

**B. Discussion**

As an initial matter, Plaintiff has not complied with the requirements of Rule 11. Rule 11(b) sets forth the grounds upon which sanctions may be issued pursuant to Rule 11(c). Rule 11(c) requires that the party moving for sanctions must make its motion for sanctions separately from any other motion and must "describe the specific conduct that violates Rule 11(b)." Plaintiff has not made her motion for sanctions separately from any other motion. To the contrary, the Motion for Sanctions is combined with numerous other requests relating to the allegedly confiscated documents. (Doc. 37.) Furthermore, Plaintiff has not described the specific conduct that violates Rule 11(b), and none of Defendants' alleged actions are contemplated by Rule 11(b). Plaintiff has not met the requirements for sanctions under Rule 11.

Plaintiff also has not complied with the "meet-and-confer" requirement of LRCiv 7.2(j). Plaintiff alleges that she wrote to Government counsel regarding "ongoing false statements and misconduct." This allegation does not show that Plaintiff attempted to contact Government counsel to obtain the missing documents or otherwise resolve the dispute presented by this Motion.

In another case pending before this Court, 4:18-cv-00535-RM, the Court recently addressed Plaintiff's claims that approximately 200 pages of legal documents were taken from her cell on August 5, 2020 and not returned to her. (4:18-cv-00535-RM, Doc. 103.) In that case, the Court ordered Defendant BOP to submit the seized documents under seal for in camera review. (*Id.*) The Court took under advisement Plaintiff's Motion for Sanctions pending its review of the seized documents. (*Id.*) Due to the deficiencies identified above and because the Court is addressing this same issue in 4:18-cv-00535-RM, it will deny the pending Motion. *See Tagle v. Nevada*, No. 316CV00148MMDWGC, 2017 WL 11496980, at *2 (D. Nev. June 14, 2017) ("Filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the Court and all of the parties to a lawsuit.")

## II.  Motion for Hearing (Doc. 46) and Motion to Strike (Doc. 47)

Plaintiff filed a Motion for Hearing (Doc. 46) which reiterates and expands upon many of the arguments raised in the briefing on her Motion for Sanctions (Docs. 37, 43, 45) as well as the briefing on her Motion for Preliminary Injunction (Docs. 11, 26, 27, 29, 34, 38). In response, Defendants filed a Motion to Strike, arguing that Plaintiff's Motion for Hearing is not authorized by any rule or order and is an inappropriate attempt at a sur-reply. (Doc. 47); LRCiv 7.2(m).

Plaintiff's Motion for Hearing is not authorized by an order of this Court or any rule or statute, and impermissibly seeks to reiterate or expand the arguments that Plaintiff has previously raised in her pending Motions. Furthermore, LRCiv 7.2(f) provides that a party desiring oral argument must request it by placing "Oral Argument Requested" immediately below the title of a motion. Plaintiff did not comply with this Rule and even if she had, the Court does not find that oral argument would assist it in determining either the Motion for Sanctions or the Motion for Preliminary Injunction. LRCiv 7.2(f).

. . . .

. . . .

. . . .

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions, Protective Order, and Motion to Compel (Doc. 37) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Doc. 47) is **granted**. Plaintiff's Motion for Hearing (Doc. 46) shall be stricken from the record.

Dated this 29th day of September, 2020.

_____
Honorable Rosemary Márquez
United States District Judge