**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-20-00169-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Othon, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Leave to Amend Complaint (Doc. 39) and Defendants' Motion for Extension of Time to Respond (Doc. 41). Defendants have not substantively responded to Plaintiff's Motion to Amend, except to request an extension of time in which to respond to the proposed First Amended Complaint until 60 days after it is screened. (Doc. 41.) The Court will grant the Motion to Amend, screen the Amended Complaint, and grant the Motion for Extension of Time to Respond.

**I.    Background**

Plaintiff, a pro se litigant incarcerated at United States Penitentiary ("USP")-Tucson, filed a civil rights complaint alleging one Eighth Amendment claim pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971.) (Doc. 1.) Plaintiff's Complaint alleges that her Eighth Amendment rights are being violated by

being placed at risk of contracting COVID-19 due to USP-Tucson's inadequate precautions to prevent infection and transmission. (*Id*.; Doc. 6 at 4-5.) The Court's May 14, 2020 Screening Order dismissed Plaintiff's claim against the Bureau of Prisons ("BOP"), dismissed Plaintiff's claim against Defendant Schneider for failure to state a claim, and ordered Defendants Von Blanckensee, Ulrich, Othon, Blondeaux, Dukett, Estrella, Martinez, and Kurtz to answer the Eighth Amendment claim. (Doc. 6); *see Bivens*, 403 U.S. at 394-96 (claims may be brought against individual federal officers); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")

On May 1, 2020, Plaintiff filed a Motion for Preliminary Injunction, seeking injunctive relief in the form of increased precautions to prevent the spread of COVID-19 in the prison environment. (Doc. 11.) That Motion is pending before the Court. (*See* Doc. 35.)

On August 14, 2020, Plaintiff filed the instant Motion for Leave to Amend Complaint. (Doc. 39.)

## II. First Amended Complaint ("FAC")

Count One in the proposed FAC is identical to Count One in the original Complaint. Plaintiff's FAC seeks to add an additional Eighth Amendment claim (Count Two) and an additional First and Eighth Amendment claim (Count Three). Plaintiff also adds Defendants BOP, T. Schneider, Gene Beasley, Darrin McWhorter, Garrett Merrell, Michael Segal, D. Gonzalez, and John O'Brien.[1] (Doc. 39-1 at 7.)

### A. Count Two

In Count Two, Plaintiff alleges an Eighth Amendment violation connected to a lack of basic necessities. (Doc. 39-1 at 4.) Plaintiff alleges that Defendants Beasley, von Blanckensee, Gonzalez, and McWhorter, and non-party Garcia,[2] were responsible for

---

[1] Defendants BOP and T. Schneider were dismissed in the previous Screening Order.
[2] Garcia is not named as a Defendant and will therefore not be ordered to respond to the FAC. (*See* Doc 39-1 at 1-2, 7.)

- 2 -

eliminating hygiene products, including "soap, shampoo, lotion, deodorant, and transgender hygiene items[3]" from the prison commissary. (*Id*.) Plaintiff states that Defendants von Blanckensee, McWhorter, Garcia, and Gonzalez "refused" to sell soap after the commencement of the COVID-19 pandemic and that Defendant Beasley refused to authorize the sale of soap. (*Id*.) Plaintiff states that, since March 2020, she has had insufficient soap to comply with Center for Disease Control ("CDC") guidelines on handwashing. (*Id*.)

Plaintiff alleges that on May 15 and 28, 2020, she, along with other inmates housed in the Special Housing Unit ("SHU"), delivered a written request to Defendants Merrell, Segal, and von Blanckensee to (1) cease inmate transfers; (2) cease "out of cell DHO hearings"; (3) permit daily exchange or laundering of a cloth face mask; (4) compel USP-Tucson medical staff to respond to sick call requests; (5) provide viricidal cleaning solution; (6) provide a set of clean clothing daily; (7) cease staff removal of lids on meal trays prior to delivery of trays to inmate cells; (8) institute daily temperature checks on staff and inmates; (9) test all inmates for COVID-19; (10) allow SHU inmates to call the OIG COVID-19 hotline; (11) cease 21-day "cell rotations," or require staff to disinfect cells prior to rotations; (12) allow all inmates "single housing" to permit social distancing; and (13) permit inmates access to hand sanitizer, gloves, and other personal protective equipment ("PPE"). (*Id*. at 8-9.) Plaintiff alleges that von Blanckensee, Segal and Merrell did not grant any of these requests and threatened Plaintiff for making the requests. (*Id*. at 9.) Plaintiff further alleges that von Blanckensee and Segal continue to attempt to transfer her, even though transfers could contribute to the spread of COVID-19. (*Id*.) Plaintiff states that Defendant O'Brien is responsible for deciding inmate transfer requests and that, despite the danger of infection posed by transfers, O'Brien refused to deny von Blanckensee's request to transfer Plaintiff. (*Id*.)

Plaintiff alleges that she repeatedly requested to be tested for COVID-19 after she was exposed to symptomatic inmates. (*Id*. at 9-10.) Plaintiff's requests to Segal, Merrell,

---

[3] Plaintiff is transgender. She does not explain what "transgender hygiene items" are.

- 3 -

and Beasley went unanswered. (*Id.* at 10.) Plaintiff further alleges that Defendant Schneider spat in her tray of food before handing it to her.[4] (*Id.*) Plaintiff alleges that "numerous complaints alleging" or "in relation to" these issues were submitted to BOP and assigned to von Blanckensee and that no action has been taken to investigate or address them. (*Id.*)

### B. Count Three

In Count Three, Plaintiff alleges First and Eighth Amendment violations connected to the conditions of her confinement in the SHU. (Doc. 39-1 at 5.) Plaintiff alleges that she has not received outdoor exercise since February 2020, has not been permitted to use the telephone since 2014, has not been permitted to buy stamps, is not allowed social or legal visits, and does not have access to media, including radio, television, books, or magazines. (*Id.* at 5.) She states that she has been confined to her cell 24 hours a day since March 2020. (*Id.*) She alleges that Defendants von Blanckensee, Segal, McWhorter, Beasley, and Merrell set these conditions in the SHU and that they have refused to release Plaintiff to general population. (*Id.*)

### III. Leave to Amend

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of service of a responsive pleading or a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1)(a). The Court finds that Plaintiff is permitted to amend her complaint at this stage, prior to the filing of a responsive pleading, as a matter of course. *See Nolen v. Fitzharris*, 450 F.2d 958, 958–59 (9th Cir. 1971) (reversing dismissal to permit plaintiff to amend as a matter of course where no answer or responsive pleading had been filed). The FAC will supersede the original Complaint. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent.")

---

[4] In Count One of the original Complaint, Plaintiff alleged that Defendant Schneider told her that he spat on her food. (Doc. 1 at 3.) The Court dismissed Defendant Schneider because Plaintiff had failed to state a claim against him. (Doc. 6 at 5.)

### IV. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### V. Application of 28 U.S.C. § 1915

As set forth in the Court's previous Screening Order (Doc. 6 at 1-3), Plaintiff is subject to the "three strikes rule" pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, Plaintiff may not proceed in forma pauperis in an action unless she shows that she is in imminent danger of serious physical injury. *Id*. The Court granted Plaintiff's Application for Leave to Proceed in Forma Pauperis in this action because it determined that she had made the requisite showing of an imminent danger of serious physical injury based on her allegations regarding the conditions at USP-Tucson in light of the COVID-19 pandemic. (*Id*.); 28 U.S.C. § 1915(g). However, Count Three of the Amended Complaint raises frivolous claims that do not allege imminent danger, and Count Three will therefore be dismissed.

28 U.S.C. § 1915(d) provides that a court may dismiss an in forma pauperis action if the action is "frivolous." "[T]he specific term 'frivolous' refers to an action in which the plaintiff's realistic chances of ultimate success are slight." *Jones v. Bales*, 58 F.R.D. 453, 464 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).

Courts have broad discretion to manage in forma pauperis actions. *Id*. at 463. Courts have the power to "protect the public from having to pay heavy costs incident to the inclusion of 'wholly unnecessary' matters in an in forma pauperis appeal." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948). "[T]he statute that authorizes the institution of a civil action in forma pauperis with leave of court also specifies that the court may monitor the action to the end of avoiding or minimizing abusive prosecutions of civil suits in forma pauperis by indigent litigants who seek to exploit or abuse the generous purposes of the enabling statute[.]" *Hawkins v. Elliott*, 385 F. Supp. 354, 356–

57 (D.S.C. 1974); *see also Mann v. Leeke*, 73 F.R.D. 264, 265 (D.S.C. 1974) (same). Although the in forma pauperis statute is intended to provide indigent litigants access to the courts, that access is a privilege and not a right. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965); *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 998 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997) ("28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts.") In *Abdul-Akbar*, the court found that the plaintiff had "abused" the in forma pauperis statute by filing "at least 179 civil rights and habeas actions," all of which were in forma pauperis and most of which were dismissed as frivolous, and accordingly declined to permit him to proceed on additional frivolous claims. 910 F. Supp. at 998.

The Court finds that Count Three of Plaintiff's proposed Amended Complaint is an attempt to exceed the privilege she has been granted of proceeding in forma pauperis in this action. Count Three contains vague and general allegations regarding the housing conditions in SHU. Plaintiff's realistic chances of success on these allegations is slight, and Count Three is therefore frivolous. *See Resnick v. Hayes*, 213 F.3d 443, 445 (9th Cir. 2000) (a prisoner plaintiff fails to establish a liberty interest unless she alleges an "atypical and significant hardship…in relation to the ordinary incidents of prison life.") Moreover, the allegations in Count Three are unrelated to the allegations in Counts One and Two regarding USP-Tucson's handling of the COVID-19 pandemic. The Court will exercise its discretion in managing in forma pauperis actions to dismiss Count Three.

**VI.    Non-*Bivens* Claim Against Warden von Blanckensee in her Official Capacity**

*Bivens* suits are individual capacity suits and cannot enjoin official government action; therefore, a *Bivens* action only allows for monetary damages, and injunctive relief is not available. *See Solida v. McKelvey*, 820 F3d 1090, 1093–94 (9th Cir. 2016).

An action for injunctive relief "against an officer, operating in his or her official capacity as a United States Agent, operates as a claim against the United States." *Id.* at 1094–1095.   Sovereign immunity bars claims against federal officials in their official

capacities unless a waiver of sovereign immunity is "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Such a waiver is found in § 702 of the Administrative Procedure Act ("APA"), which provides in pertinent part:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. The Ninth Circuit has held that § 702 serves as "an unqualified waiver of sovereign immunity in actions seeking nonmonetary relief against legal wrongs for which governmental agencies are accountable," including actions arising "out of the Constitution." *Presbyterian Church v. United States*, 870 F.2d 518, 523–25 (9th Cir. 1989); *Navajo Nation v. Dep't of Interior*, 876 F.3d 1144, 1170–72 (9th Cir. 2017) (reaffirming that the waiver of sovereign immunity in § 702 is not limited to claims brought under the APA and instead constitutes "a broad, unqualified waiver for all non-monetary claims for relief against federal agencies").

A claim seeking injunctive relief against a federal agency or officer in his or her official capacity is therefore not brought under *Bivens*, rather, under 18 U.S.C. § 1331. *See Presbyterian Church*, 870 F.2d at 525 ("§ 702 waives sovereign immunity . . . . for constitutional claims brought under the general federal-question jurisdiction statute, 28 U.S.C. § 1331"). "Section 1331 provides jurisdiction for the exercise of the traditional powers of equity in actions arising under federal law. No more specific statutory basis is required." *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005) (finding that the court had subject matter jurisdiction under 28 U.S.C. § 1331 over a prisoner's Eighth Amendment claim asserting deliberate indifference to medical needs and seeking injunctive relief against prison officials in their official capacities). Thus, "the statute that gives federal courts subject matter jurisdiction to decide cases involving questions of federal law, (i.e., § 1331), necessarily authorizes federal courts to grant

injunctive relief to implement their decisions." *Taylor v. Rice*, No. 10-4746 (SRN/JJG), 2012 WL 246014, at *7 (D. Minn. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 246038 (D. Minn. Jan. 25, 2012); *see also Bell v. Hood*, 327 U.S. 678, 684 (1946) (recognizing the "jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution").

Accordingly, a prisoner may bring a non-*Bivens* action for injunctive relief to stop Eighth Amendment violations based on conditions of confinement. *Bacon v. Core Civic*, No. 2:20-cv-00914-JAD-VCF, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) (citing *Hodges v. Matevousian*, No. 1:18-cv-00790-AWI-EPG (PC), 2020 WL 1139427, at *1 (E.D. Cal. Mar. 9, 2020)). To bring this type of non-*Bivens* claim, a prisoner must (1) invoke jurisdiction under § 1331, (2) allege facts to state a colorable ongoing Eighth Amendment claim, (3) name as a defendant the person who would be responsible for carrying out any order for injunctive relief, and (4) request particular injunctive relief that is specifically targeted to resolving the ongoing Eighth Amendment violation. *Id.*, at *7.

Here, Plaintiff expressly invokes federal jurisdiction under § 1331, and her claim arises out of the Constitution. (Doc. 39-1 at 1.) *See Presbyterian Church*, 870 F.2d at 524. Plaintiff alleges facts in Counts One and Two to state a plausible Eighth Amendment conditions-of confinement claim, and her allegations support that SHU staff's failure to take measures to protect her against the risk of contracting COVID-19 is ongoing. Furthermore, Plaintiff's allegations support that these ongoing failures to provide necessary supplies and health screenings involve numerous members of the SHU staff, thereby supporting that SHU staff are acting pursuant to a policy or custom. *See Henry v. Cnty. of Shasta*, 132 F.3d 512, 521 (9th Cir. 1997) (finding a policy more likely where multiple employees were involved in the constitutional violation). Thus, Plaintiff sufficiently alleges facts to show an ongoing Eighth Amendment claim.

Plaintiff also names as a defendant Warden Barbara von Blankensee, who would be responsible for carrying out any order for injunctive relief. (Doc. 39-1 at 7.) The fact that Plaintiff does not specify that von Blanckensee is sued in her official capacity does

not preclude recognizing an official-capacity claim because Plaintiff expressly requests injunctive relief, thereby indicating an official-capacity claim. *See Marketing Info. Masters, Inc. v. Bd. of Trustees of Cal. State Univ. Sys.*, 552 F. Supp. 2d 1088, 1095 (S.D. Cal. 2008) ("[t]he deciding factor for ascertaining whether a suit is an official capacity suit or an individual capacity suit is not how the suit is labeled by the plaintiff, but rather the nature of the suit") (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 714 (1948)). Because district courts are required to afford a pro se litigant "'the benefit of any doubt' in ascertaining what claims she 'raised in [her] complaint and argued to the district court,'" the Court construes Plaintiff's claim as an official capacity claim. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008)

Finally, Pinson requests particular injunctive relief that is specifically targeted to resolve the alleged ongoing Eighth Amendment violations. (Doc. 39-1 at 6, 11.) In short, Plaintiff sufficiently states a claim under § 1331 against von Blanckensee in her official capacity for injunctive relief for violations of federal constitutional law. *See Bacon*, 2020 WL 3100827, at *6.

### VII. *Bivens* Claim for Which an Answer Will be Required

Count One in the proposed FAC is identical to Count One in the original Complaint and has already been screened by the Court; Defendants Othon, Blondeaux, Dukett, Estrella, Martinez, Kurtz, Ulrich, and von Blanckensee will be required to answer Count One of the FAC as set forth in the Court's previous Screening Order. (*See* Doc. 6.)

As discussed above, Plaintiff has shown facts to allege an Eighth Amendment claim in Count Two. Count Two expands the factual allegations of the original complaint regarding the prison's handling of the pandemic. A *Bivens* damages claim has been recognized for Eighth Amendment claims. *See Carlson v. Green*, 446 U.S. 14, 16-18 (1980). Defendants Beasley, von Blanckensee, Gonzalez, McWhorter, Merrell, Segal, O'Brien, and Schneider will be required to answer Count Two. The BOP will be dismissed for failure to state a claim. *See FDIC v. Myer*, 510 U.S. 471, 486 (1994) (federal agency not a proper defendant in a *Bivens* action).

Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's Motion for Leave to Amend Complaint (Doc. 39) is **granted.** The Clerk of Court is directed to file the proposed First Amended Complaint (filed as Exhibit 1 to Doc. 39) as the First Amended Complaint.

(2) Defendants' Motion for Extension of Time (Doc. 41) is **granted**. Defendants shall respond to the FAC within **60 (sixty) days** from the date the FAC is served. Defendants may file additional requests for extensions of time due to awaiting representation approval as needed.

(3) Defendants Othon, Blondeaux, Dukett, Estrella, Martinez, Kurtz, Ulrich, and von Blanckensee shall answer Count One of the First Amended Complaint, as set forth in the Court's previous Screening Order (Doc. 6).

(4) Defendants Schneider, von Blanckensee, McWhorter, Gonzalez, Beasley, Merrell, Segal, and O'Brien shall answer Count Two of the First Amended Complaint, as set forth herein.

(5) Count Three is **dismissed.**

(6) Defendant Bureau of Prisons (BOP) is **dismissed.**

(7) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint, this Order, and summons forms for Defendants Schneider, von Blanckensee, McWhorter, Gonzalez, Beasley, Merrell, Segal, and O'Brien.

(8) Plaintiff must complete and return the service packets to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) If Plaintiff does not complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11) The United States Marshal must for the individual Defendants Schneider, von Blanckensee, McWhorter, Gonzalez, Beasley, Merrell, Segal, and O'Brien personally serve a copy of the Summons, First Amended Complaint, and this Order at Government expense, pursuant to Rule 4(e)(2) and (i)(3) of the Federal Rules of Civil Procedure.

(12) Upon receipt of the service packet, the Clerk of Court must send by certified mail a copy of the Summons for each individual Defendant, the Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

(13) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 26th day of October, 2020.

_____
Honorable Rosemary Márquez
United States District Judge