**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-20-00169-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Othon, et al., | |
| Defendants. | |

    Pending before the Court is Plaintiff's Motion for Preservation of Video Evidence. (Doc. 30.) Plaintiff requests that the Court order Defendants to preserve "the video footage of the USP-Tucson SHU housing tiers for the previous 90 days." (*Id*.) Plaintiff states that an Order to preserve the evidence is necessary because otherwise the evidence will be destroyed and because the evidence will tend to disprove Defendants' claims. (*Id*.) Plaintiff contends that the video footage will support her allegations that the prison is failing to provide inmates with a safe environment in light of COVID-19. (*Id*.) Defendants did not file a Response and the time for doing so has expired. LRCiv 7.2(c).

    "A duty to preserve information arises when a party knows or should know that the information is relevant to pending or future litigation." *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014) (internal citation omitted). "The duty to preserve is triggered not only when litigation actually commences, but also extends to the period before

litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." *Id*. (internal citation and quotation omitted). "The failure to preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences." *Id*. at 1104 (internal citation omitted). "Spoliation is the destruction or material alteration of evidence, or the failure to otherwise preserve evidence, for another's use in litigation." *Id*. The duty to preserve evidence applies generally to parties. *Id*. at 1106.

Once a complaint is filed, parties to a lawsuit are "under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence." *Bright Sols. for Dyslexia, Inc. v. Doe 1*, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) (internal citation omitted). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Id*. "Courts must exercise restraint in using their inherent authority to issue preservation orders." *Id*. "Before a preservation order is implemented, there must be some showing of a significant concern that potentially relevant evidence will be destroyed causing harm to the opposing party." *Id*. In determining whether a preservation order is necessary to reinforce a party's pre-existing duty to preserve evidence, courts have considered:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.

*Id*.

Plaintiff alleges that the video evidence is relevant to her claims that USP-Tucson is not complying with recommendations regarding prevention of the spread of the COVID-19 virus. (Doc. 30.) Specifically, Plaintiff claims that the video evidence will show that USP-Tucson staff are not following safety protocols, including providing

hygiene items and laundering masks, and that the video evidence will contradict Defendants' statements that they are following and implementing such safety protocols. (*Id.*; *see also* Docs. 27, 38.)

The Court finds that the video footage of the USP-Tucson SHU housing tiers is potentially relevant to Plaintiff's claims regarding USP-Tucson's handling of the COVID-19 viral outbreak. The Court further finds that irreparable harm, in the form of her ability to demonstrate the merits of her claims, may result to Plaintiff in the absence of the requested preservation order. Finally, the Court finds that Defendants are, or should be, easily capable of preserving the video footage.

The Court notes that it is somewhat unclear from Plaintiff's Motion whether there is truly "a significant concern" that potentially relevant evidence will be destroyed, causing harm to Plaintiff. Plaintiff's Motion does not explain why Defendants are likely to destroy the videos given their preexisting obligation to preserve relevant evidence. However, because Plaintiff has made at least "some showing" of such a concern, the Court finds that the standard for issuing a preservation order has been met.

The Court further notes that Plaintiff's Motion provides no basis for her apparent assertion that every one of the declarants who submitted declarations under oath in relation to the Motion for Preliminary Injunction was lying. (*See* Docs. 27, 38.) However, because Defendants did not file a Response to the instant motion, the Court finds that any lack of clarity around the potential harm to Plaintiff from destruction of the video evidence is properly resolved in Plaintiff's favor and will therefore grant the Motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Preservation of Video Evidence (Doc. 30) is **granted**.

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendants shall preserve the video footage of the USP-Tucson SHU housing tiers from the time period relevant to this litigation.

Dated this 3rd day of November, 2020.

_____
Honorable Rosemary Márquez
United States District Judge