**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-20-00169-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Othon, et al., | |
| Defendants. | |

Pending before the Court are (1) Defendants' Motion to Dismiss Plaintiff's Motion for Preliminary Injunction and Vacate Evidentiary Hearing (Doc. 120); (2) Defendants' Motion to Continue Evidentiary Hearing (Doc. 127); and (3) multiple Motions to Intervene filed pro se by inmates incarcerated at the United States Penitentiary ("USP") in Tucson, Arizona, seeking to intervene in this action as to Plaintiff's Motion for Preliminary Injunction (Docs. 11, 52, 53, 63, 72, 87, 109, 110).[1] Because Plaintiff has been transferred out of USP-Tucson, the Court will grant Defendants' Motion to Dismiss Plaintiff's Motion for Preliminary Injunction and deny

---

[1] Also pending are Defendants' Motion for Reconsideration (Doc. 95) and Plaintiff's Motions for Temporary Restraining Orders (Docs. 86, 108), which will be resolved separately.

the Motion for Preliminary Injunction as moot; deny as moot Defendants' Motion to Continue Evidentiary Hearing; and deny the Motions to Intervene.[2]

## I. Background

Plaintiff Jeremy Pinson[3] ("Pinson" or "Plaintiff"), who was confined at USP-Tucson in the Special Housing Unit ("SHU") until December 4, 2020, brought this pro se civil rights action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S 388 (1971), against multiple officials at USP-Tucson. (Docs. 88, 120.) Upon screening of the First Amended Complaint (Doc. 54), the Court determined that Pinson had stated a plausible Eighth Amendment conditions-of-confinement claim under *Bivens* against Defendants Othon, Blondeaux, Dukett, Estrella, Martinez, Kurtz, Ulrich, and von Blanckensee in Count One and an Eighth Amendment *Bivens* claim against Beasley, von Blanckensee, Gonzalez, McWhorter, Merrell, Segal, O'Brien, and Schneider in Count Two. (Doc. 55 at 10.) The Court further found that Pinson sufficiently stated a claim under 28 U.S.C. § 1331 against von Blanckensee in her official capacity for injunctive relief for violations of federal constitutional law. (*Id*. at 7–10.)

In her pending Motion for Preliminary Injunction, Pinson asserts that she and other prisoners in the SHU are incarcerated under conditions not consistent with the Center for Disease Control and Prevention ("CDC") guidelines for preventing transmission of the COVID-19 virus, thereby placing all of them in danger. (Doc. 11 at 1.) For relief, Pinson requests an order requiring Warden von Blanckensee to provide masks, soap and hygiene supplies, medical screening and testing of prisoners and staff, and to restore the Office of Inspector General ("OIG") COVID-19 Hotline to prisoners. (*Id*. at 4–5.) Following additional briefing on the Motion for Preliminary Injunction, the Court issued an Order on December 1, 2020 that analyzed Pinson's claims for injunctive

---

[2] The findings set forth in this Order shall not be construed to apply to Plaintiff's underlying claims or the remaining outstanding Motions.
[3] Plaintiff is transgender and the Court refers to her using her preferred pronouns.

relief, stayed a ruling on the Motion for Preliminary Injunction, and set an evidentiary hearing on December 17, 2020. (Doc. 88.)

On December 4, 2020, Pinson was transferred from USP-Tucson to USP-Victorville in Victorville, California. (Doc. 120.)

## II. Defendants' Motion to Dismiss Plaintiff's Motion for Preliminary Injunction and Vacate Evidentiary Hearing (Doc. 120)

Defendants move the Court to dismiss Plaintiff's Motion for Preliminary Injunction and Vacate the Evidentiary Hearing. (Doc. 120.) Relying on the declaration of Associate Warden Michael Segal, Defendants set forth the circumstances of Plaintiff's transfer out of USP-Tucson SHU. (Doc. 120 Exh. A., Decl. of Michael Segal.) A transfer request form for Plaintiff was submitted by USP-Tucson staff on September 30, 2020. (*Id*. ¶ 3.) The transfer request "was based on a number of factors including, most importantly, threat assessments which determined that inmate Pinson could not safely be housed in USP Tucson's general population." (*Id*.) Pinson's transfer was approved on October 5, 2020 with a destination of USP Coleman II in Florida. (*Id*. ¶ 4.) Pinson will not be transferred back to USP-Tucson anytime in the foreseeable future because it has been determined that other inmates there pose a risk to her safety. (*Id*. ¶ 5.) Originally, Pinson's transfer to USP Coleman II was scheduled to occur on October 31, 2020; however, it was delayed due to conditions related to the COVID-19 pandemic. (*Id*. ¶ 6.)

Defendants argue that Pinson's claims for injunctive relief based on COVID-19-related conditions in USP-Tucson are moot due to Pinson's transfer out of USP-Tucson. (Doc. 120 at 3.) Defendants aver that because Plaintiff is no longer incarcerated at USP-Tucson, she no longer has a case or controversy regarding the actions taken at USP-Tucson in response to the COVID-19 pandemic. (*Id*. at 4.) Defendants further argue that because Pinson's request for injunctive relief has become moot, the Court lacks jurisdiction to decide the motion. (*Id*.)

Mootness is a threshold jurisdictional issue. *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978). "Federal courts lack jurisdiction to decide moot cases

because their constitutional authority extends only to actual cases or controversies." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985). Because Article III restricts federal court jurisdiction to actual cases and controversies, federal courts may not "give opinions upon moot questions or abstract propositions." *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

Claims involving a prisoner's conditions of confinement become moot upon the prisoner's release. *Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because Munoz has been released from the SHU, we can no longer provide him the primary relief sought in his habeas corpus petition. Munoz's . . . challenges to . . . the conditions of confinement in the SHU are therefore moot, and must be dismissed."); *see also Rodriguez v. Moore*, 2019 WL 2284892, at *1 (E.D. Cal. May 29, 2019), *report and recommendation adopted*, 2019 WL 3714510 (E.D. Cal. Aug. 7, 2019) ("Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.")

An exception to the application of the mootness doctrine exists for those matters that are "capable of repetition, yet evading review." *See Herron for Cong. v. Fed. Election Comm'n*, 903 F. Supp. 2d 9, 14 (D.D.C. 2012). Under this doctrine, a plaintiff must show that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id*.

Pinson's transfer out of USP-Tucson renders moot her claims for preliminary injunctive relief because she is no longer personally affected by the alleged shortcomings of USP-Tucson's COVID-19-related precautions. The "capable of repetition, yet evading review" exception does not apply because there is no reasonable expectation that Pinson will be subject to COVID-19-related conditions at USP-Tucson in the foreseeable future.

Accordingly, the Motion to Dismiss Plaintiff's Motion for Preliminary Injunction will be granted.[4]

### III. Defendants' Motion to Continue Evidentiary Hearing (Doc. 127)

Defendants separately move the Court to continue the evidentiary hearing due to the fact that a key witness, Duffy Campbell, will be unavailable to testify at the hearing. (Doc. 127.) Because the hearing has been vacated, the Motion to Continue will be denied as moot.

### IV. Motions to Intervene (Docs. 11, 52, 53, 63, 72, 87, 109, 110)

Also pending before the Court are multiple Motions to Intervene filed by inmates incarcerated in, or previously incarcerated in, the SHU at USP-Tucson (the "intervenors"). (Docs. 11, 52, 53, 63, 72, 87, 109, 110.)[5] Defendants responded in opposition to Docs. 11, 52, 53, 63, 72, and 87. (Doc. 91.) Docs. 109 and 110 were filed subsequent to the filing of Defendants' Response, and Defendants have not responded to them.

**A. Arguments**

The intervenors seek to join in Plaintiff's lawsuit and be appointed "a pro bono lawyer" because they claim that they have a stake in the outcome but are unable to file separate lawsuits "for several reasons: (1) some intervenors like Garay-Sierra do not speak, read or write in the English language and is a native of Puerto Rico, (2) some

---

[4] The Court previously granted the Motion as to the request to vacate the evidentiary hearing. (Doc. 133.)
[5] Doc. 11 was filed by Plaintiff and joined by inmates Ryan Forrest, 08567-036, Coty Waters, 24364-408, and Edwin Wilke, 07533-090 on June 1, 2020 and was denied by Order at Doc. 88. Doc. 52 was filed by inmates Jordan Hidalgo, 22792-055, Wilfredo Garay-Sierra, 41714-069, Nathaniel Weibel, 16326-273, Coty Waters, 24364-408, Montavis Middleton, 97524-004, Sergio Arreola, 52710-074, Jimmy Malone, 31853-074, Alfred Salazar, 20584-051, Randy Rohrbaugh, 05434-087, Eric Ontiveros, 24426-051, Rene Ellis, 48385-054, and Job Lopez, 17099-059 on October 21, 2020. Doc. 53 was filed by inmate Donte Harris, 18050-075 on October 23, 2020. Doc. 63 was filed by inmates Daniel Salinas, 73403-097, Michael Lynn Holmes, 60545-004, Kevin Bolton, 12163-010, Clayton Jemine, 42748-424, and Donald Brown, 54437-066 on November 5, 2020. Doc. 72 was filed by inmates Jose Flores, 40181-280, Daniel Salinas, 73403-097, and Ronald Luczak, 69674-053 on November 12, 2020. Doc. 87 was filed by inmates Manuel Amaro, 80894-379 and Ruben Laurel, 17752-076 on November 25, 2020. Doc. 109 was filed by inmate Andre McRae, 20831-057 on December 7, 2020. Doc. 110 was filed by inmate Gilberto Ramirez, 93327-279 on December 7, 2020.

intervenors lack even a GED and are borderline illiterate (Waters, Weibel, etc.), (3) many are quarantined and have no access to a law library, and cannot even purchase stamps to mail any case to this Court (i.e., Hidalgo, Harris, Middleton, Ellis), (4) the beating heart of their prosecution of their claims ([Plaintiff] Jeremy Pinson) will imminently be transferred to USP-Coleman II in Florida, and [they] will be totally without assistance from her or anyone else because of the conditions of quarantine." (Doc. 52 at 3-4; *see also* Doc. 87 at 1 (seeking to intervene in case, join in motion for preliminary injunction, and be appointed counsel); *see also* Doc. 53 at 2 (requesting intervention, permissive joinder, and appointment of counsel); Doc. 72 at 1 (same).) The intervenors allege that they will be affected by the decision on Plaintiff's Motion for Preliminary Injunction because they too are subject to the COVID-19-related conditions in the SHU at USP-Tucson. (*See* Doc. 52.) However, some of the Motions to Intervene raise grounds for relief, such as individual medical conditions, that pertain solely to the specific intervenor. (*See* Docs. 53, 63.)

Defendants oppose intervention because (1) the intervenors have not shown that they share a common question of law or fact with the main action; (2) the intervenors have not established that the Court has jurisdiction over their claims; (3) joining 24 intervenors to the case would pose a significant burden to both the parties and the Court; and (4) 21 of the 24 intervenors to whom Defendants responded were scheduled to be transferred out of the SHU at USP-Tucson, either to general population or to a different institution altogether, which would render their claims for injunctive relief as to USP-Tucson SHU conditions moot. (Doc. 91.)

### B. Applicable Law

Permissive intervention is a matter within the sound discretion of the district court and is "subject to considerations of equity and judicial economy." *Garza v. Cnty. of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Courts will allow such

intervention where the intervenor raises a claim that has questions of law or fact in common with the main case, shows independent grounds for jurisdiction, and moves to intervene in a timely fashion." *Garza*, 918 F.2d at 777. A court must also consider "whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

Although each Plaintiff may appear on his own behalf, none may appear as a representative for anyone else. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates); *Huddlestone v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983) ("This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class.").

### C. Analysis

As an initial matter, the Court is denying the Motion for Preliminary Injunction that is the subject of the Motions to Intervene as moot, as discussed above in Section II. Therefore, the Motions to Intervene are denied as moot to the extent that they seek to join this action solely to request the relief set forth in the Motion for Preliminary Injunction (Doc. 11). To the extent that the intervenors seek to join this action separate and apart from the Motion for Preliminary Injunction, the Court exercises its discretion to deny intervention. The Court finds that granting intervention would unduly delay the main action and present substantial burdens to the continued administration of this litigation.

Even if the intervenors were properly joined, management of pro se multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court. During the prosecution of this action, each intervenor would be required to sign and submit his own motions and notices related to his claims in the action, and all intervenors would be

required to individually sign any motion or notice filed on behalf of all intervenors. Neither Pinson nor any other inmate may represent other inmates. Furthermore, because of security concerns related to inmate correspondence and face-to-face communications, intervenors would have, at best, very limited opportunities to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court. Given these circumstances, the Court finds that any additional burden posed to intervenors by the denial of intervention is minimal, and that the Plaintiff's interest in timely resolution of her claims is served by denial of intervention.

Moreover, inmates are subject to transfer at any time to a facility other than the one where they are currently incarcerated. Defendants indicate that the majority of the intervenors in this case are scheduled to be transferred out of the SHU at USP-Tucson; those impeding transfers would pose additional burdens to the intervenors, the parties, and the Court and, as discussed above, would render moot the claims related to the conditions of confinement in the SHU of USP-Tucson. Granting intervention under these circumstances would make the continued administration of this lawsuit virtually impossible.

As to the intervenors' requests for class certification, the Court previously denied a motion for class certification and appointment of counsel and denies those requests as set forth in the Motions to Intervene for the same reasons. (*See* Doc. 88 at 3-5.)

Finally, as to the intervenors' allegations that they lack access to the courts sufficient to file their own lawsuits, the Court finds the voluminous filings in this case evidence of a continued ability to access the courts. If any of the intervenors seeks judicial review of the conditions of his confinement in USP-Tucson or any other facility, he may file his own lawsuit.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Motion for Preliminary Injunction and Vacate Evidentiary Hearing (Doc. 120) is **granted**. The Motion for Preliminary Injunction (Doc. 11) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Continue Evidentiary Hearing (Doc. 127) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Motions to Intervene (Docs. 11, 52, 53, 63, 72, 87, 109, 110) are **denied**.

Dated this 17th day of December, 2020.

_____
Honorable Rosemary Márquez
United States District Judge