**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>                Plaintiff,<br><br>v.<br><br>Unknown Othon, et al.,<br><br>                Defendants. | No. CV-20-00169-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. 155.) Plaintiff filed a Response (Doc. 167) and Defendants filed a Reply (Doc. 170). Also pending are various miscellaneous motions, including: (1) Defendants' Motion for Reconsideration (Doc. 95); (2) Andre McRae's Motion to Withdraw from this Lawsuit (Doc. 132); (3) Plaintiff's Motion for Protective Order (Doc. 147); (4) Plaintiff's Motion to Appoint Counsel and Motion for Status Update (Doc. 149); (5) Plaintiff's Motion for Time to Respond to Dismissal Motion and to Access Video for Response (Doc. 154); (6) Plaintiff's Motion for Extension of Time to File Response to Motion for Reconsideration (Doc. 165); and (7) Defendants' Motion for Extension of Time to File Response/Reply as to Motion for Reconsideration (Doc. 169). The Court will grant the Motion to Dismiss (Doc. 155) and deny the remaining Motions as moot.

. . . .

I. **Background**

Plaintiff Jeremy Pinson[1] ("Pinson" or "Plaintiff"), who was confined at USP-Tucson in the Special Housing Unit ("SHU") until December 4, 2020, brought this pro se civil rights action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S 388 (1971), against multiple officials at USP-Tucson. (Docs. 88, 120.) Upon screening of the First Amended Complaint (Doc. 54), the Court determined that Pinson had stated a plausible Eighth Amendment conditions-of-confinement claim under *Bivens* against Defendants Othon, Blondeaux, Dukett, Estrella, Martinez, Kurtz, Ulrich, and von Blanckensee in Count One and an Eighth Amendment *Bivens* claim against Beasley, von Blanckensee, Gonzalez, McWhorter, Merrell, Segal, O'Brien, and Schneider in Count Two. (Doc. 55 at 10.) The Court further found that Pinson sufficiently stated a claim under 28 U.S.C. § 1331 against von Blanckensee in her official capacity for injunctive relief for violations of federal constitutional law. (*Id*. at 7–10.)

On December 4, 2020, Pinson was transferred from USP-Tucson to USP-Victorville in Victorville, California. (Doc. 120.) Plaintiff has now been relocated to her designated facility, USP-Coleman II, in Coleman, Florida. (Doc. 155.) Following Plaintiff's transfer from USP-Tucson, Defendants moved to dismiss Plaintiff's claim for injunctive relief. (Doc. 120.) On December 17, 2020, the Court dismissed Plaintiff's claim for injunctive relief and denied multiple Motions to Intervene that were filed by other inmates seeking to join Plaintiff's claim for injunctive relief. (Doc. 137.) In that Order, the Court found Plaintiff's claim for injunctive relief moot due to her transfer from USP-Tucson and found that "there is no reasonable expectation that Pinson will be subject to COVID-19-related conditions at USP-Tucson in the foreseeable future." (*Id*.) The Court also dismissed the Motions to Intervene as moot with respect to the claim for injunctive relief and exercised its discretion to deny intervention as to Plaintiff's *Bivens* claims. (*Id*.)

---

[1] Plaintiff is transgender and the Court refers to her using her preferred pronouns.

- 2 -

Plaintiff's medical records reflect that between March 2020 and December 4, 2020, while she was housed at USP-Tucson, and during the transfer process, Plaintiff tested negative for COVID-19 multiple times and did not report symptoms of COVID-19 to Bureau of Prisons ("BOP") staff. (*See* Doc. 155 at 3.) Plaintiff's medical records were submitted under seal, along with numerous declarations by BOP medical and administrative staff regarding the content of the records and the medical care Plaintiff received. (*See* Docs. 113-1, 118, 155-1, 161.) During the transfer process, Plaintiff received at least four COVID-19 screenings and two COVID-19 tests, including a test upon her arrival at USP-Coleman II. (Doc. 155 at 3.) Both tests were negative. (*Id.*) Thus, the record indicates that Plaintiff did not contract COVID-19 while she was housed at USP-Tucson. (*Id.*)

## II. Motion to Dismiss

Defendants move to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 155.) Defendants argue that the Court lacks jurisdiction over Plaintiff's claims for injunctive relief because those claims have been rendered moot by Plaintiff's transfer from USP-Tucson. (*Id.*) Defendants further argue that Plaintiff's *Bivens* allegations fail to state a claim upon which relief can be granted because there is no allegation of actual injury and no actual injury. (*Id.*) In support of their arguments to dismiss the *Bivens* claim, Defendants state that Plaintiff has failed to establish an actual injury because she does not allege that she actually contracted COVID-19 while incarcerated at USP-Tucson. (*Id.* at 5); *see also Lewis v. Casey*, 518 U.S. 343, 349-50 (1996) (actual injury is a jurisdictional standing requirement for *Bivens* actions). Defendants further argue that Plaintiff's First Amended Complaint is deficient under 42 U.S.C. § 1997e(e), because "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury" and Plaintiff has alleged no physical injury (*Id.*; Doc. 54); *see also Oliver v. Keller*, 289 F.3d 623, 625-26 (9th Cir. 2002).

In response, Plaintiff argues that (1) her transfer did not moot her claim for injunctive relief and (2) she has alleged the actual injury of contracting COVID-19 at USP-Tucson. (Doc. 167.) She disputes the accuracy of the COVID-19 tests administered by the BOP and argues that the negative tests results do not prove that she did not contract COVID-19 at USP-Tucson. (*Id.* at 3.) She argues that she "became debilitatingly ill" and that Nurse Williams, who submitted a Declaration in this case, is lying. (*Id.*; see Doc. 113.) She further argues that her medical records are incomplete. (*Id.* at 3-4.) Finally, she argues that whether she suffered an "actual injury" cannot be determined at this stage in the litigation because (1) a jury has not heard her claim; (2) *Lewis v. Casey*, 518 U.S. 343 (1996), cited by Defendants, is inapposite to her Eighth Amendment claim; and (3) the requirements of 42 U.S.C. § 1997e(e) do not support dismissal of her claim. (*Id.* at 4-5.)

Pursuant to Federal Rule of Civil Procedure 12(d), the Court will construe the Motion to Dismiss as a Motion for Summary Judgment. Matters outside the pleadings, including Plaintiff's medical records and records related to Plaintiff's transfer, have been presented to and considered by the Court. *See Ranch Realty, Inc. v. DC Ranch Realty*, *LLC*, 614 F. Supp. 2d 983, 987 (D. Ariz. 2007) ("If extraneous materials are presented on a Rule 12(b)(6) motion to dismiss and not excluded by the court, the motion is treated as a motion for summary judgment."); *see also Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials.")

Furthermore, the Court is satisfied that in this case, Plaintiff had sufficient notice of the matters under the Court's consideration that are extraneous to the pleadings. *Anderson*, 86 F.3d at 934–35 (when motion to dismiss is transformed into motion for summary judgment, a court must inform a pro se prisoner plaintiff that it is considering more than the pleadings and provide her an opportunity to present any responsive

materials). Plaintiff's Response addresses the extraneous matters. (*See* Doc. 167.) Additionally, the Court informed Plaintiff that a failure to respond to the Motion to Dismiss could result in dismissal of her case (Doc. 159) and Plaintiff's Response included a counter-affidavit (Doc. 167-1). Accordingly, the Court is satisfied that, as a practical matter, Plaintiff had sufficient notice that the Motion to Dismiss could dispose of her case and that she had an opportunity to respond in full to all materials under consideration.

### III. Applicable Law and Analysis

As an initial matter, the Court finds Defendants' Motion to Dismiss moot as to the claim for injunctive relief. (*See* Doc. 155 at 4-5.) The Court previously dismissed Plaintiff's claim for injunctive relief as moot and set forth its reasoning in that Order. (*See* Doc. 137.)

To have standing, a plaintiff must show that "it has suffered an injury in fact, that its injury is fairly traceable to [defendant's] actions, and that its injury will likely be redressed" by the lawsuit. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th Cir. 2003) (internal citations and quotations omitted). A "possibility of future injury" does not meet the "injury in fact" standing requirement. *Id.* at 555. Under *Bivens*, a plaintiff must "demonstrate an injury" that was caused by federal actors' violation of her constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

Injury is a constitutional requirement for standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal citation and quotations omitted). "A concrete injury must be de facto; that is, it must actually exist." *Id.*

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). The physical injury "need not be significant" but "must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (internal citation omitted).

Plaintiff's FAC alleges only mental and emotional harm and the possibility of future physical harm, namely, contracting COVID-19. (Doc. 54 at 3, 5, 8-10.) Although Plaintiff disputes the accuracy of the negative COVID-19 tests she received, she provides no evidence to support this argument. (Doc. 167.) The test results indicate that Plaintiff did not contract COVID-19 at USP-Tucson and the Court accepts these results as accurate. Even if the tests were inaccurate and Plaintiff somehow did contract COVID-19 while at USP-Tucson, she has neither alleged nor shown concrete, particularized, and actual harm in her FAC sufficient to confer standing.

The Court further finds that the requirements of 42 U.S.C. § 1997e(e) support the dismissal of Plaintiff's claim. Plaintiff has alleged no "prior" physical injury that would support her claim for mental and emotional injury stemming from the COVID-19 precautions, or lack thereof, at USP-Tucson. Any physical injury she has alleged, such as Defendant Schneider spitting in her tray of food (*see* Doc. 155 at 6; Doc. 54 at 10), is de minimis and, in any event, did not cause Plaintiff to contract COVID-19.

Because Plaintiff has failed to meet the "injury in fact" standing requirement, the Court lacks jurisdiction over her claims. It will therefore grant the Motion to Dismiss as to Plaintiff's *Bivens* claims.

### IV. Remaining Motions

Also pending are various miscellaneous motions, including: (1) Defendants' Motion for Reconsideration (Doc. 95); (2) Andre McRae's Motion to Withdraw from this Lawsuit (Doc. 132); (3) Plaintiff's Motion for Protective Order (Doc. 147); (4) Plaintiff's Motion to Appoint Counsel and Motion for Status Update (Doc. 149); (5) Plaintiff's Motion for Time to Respond to Dismissal Motion and to Access Video for Response (Doc. 154); (6) Plaintiff's Motion for Extension of Time to File Response to Motion for Reconsideration (Doc. 165); and (7) Defendants' Motion for Extension of Time to File

Response/Reply as to Motion for Reconsideration (Doc. 169). Because the Court will grant the Motion to Dismiss and dismiss this action, the remaining Motions will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 155) is **partially granted and partially denied as moot**. The Motion is **denied as moot** as to Plaintiff's claim for injunctive relief, because the claim for injunctive relief has already been dismissed. The Motion is **granted** as to Plaintiff's *Bivens* claim. The Clerk of Court shall enter judgment in favor of Defendants and close the above-captioned action.

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration (Doc. 95); Andre McRae's Motion to Withdraw from this Lawsuit (Doc. 132); Plaintiff's Motion for Protective Order (Doc. 147); Plaintiff's Motion to Appoint Counsel and Motion for Status Update (Doc. 149); Plaintiff's Motion for Time to Respond to Dismissal Motion and to Access Video for Response (Doc. 154); Plaintiff's Motion for Extension of Time to File Response to Motion for Reconsideration (Doc. 165); and (7) Defendants' Motion for Extension of Time to File Response/Reply as to Motion for Reconsideration (Doc. 169) are **denied as moot**.

Dated this 18th day of March, 2021.

_____
Honorable Rosemary Márquez
United States District Judge